# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### EASTERN DIVISION

| | |
|---|---|
| Matthew Friederichs, M.D., ) | |
| ) | |
| Plaintiff, ) | **ORDER ON MOTION TO BIFURCATE** |
| ) | |
| vs. ) | Case No. 3:22-cv-8 |
| ) | |
| Sanford Health, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Dr. Matthew Friederichs' claims under the Lanham Act, North Dakota's unlawful sales and advertising statute, and breach of contract will be tried before a jury on August 27, 2024. Doc. 123. Dr. Friederichs seeks three categories of damages: actual damages, disgorgement of profits under the Lanham Act, and exemplary damages under North Dakota state law. Doc. 131, p. 1.

Defendant Sanford Health moves to bifurcate liability and actual damages from exemplary damages. Doc. 126. If granted, the trial would be broken into two trials: one regarding Dr. Friederichs' claims of liability and actual damages, and assuming a jury finds liability, another regarding Dr. Friederichs' claim of exemplary damages. Sanford cites North Dakota's exemplary damages statute, which allows either party to elect for bifurcation, for support:

> 2. If either party so elects, the trier of fact shall first determine whether compensatory damages are to be awarded before addressing any issues related to exemplary damages. Evidence relevant only to the claim for exemplary damages is not admissible in the proceeding on liability for compensatory damages. If an award of compensatory damages has been made, the trier of fact shall determine whether exemplary damages are to be awarded.
>
> 3. Evidence of a defendant's financial condition or net worth is not admissible in the proceeding on exemplary damages.

    4.    If the trier of fact determines that exemplary damages are to be awarded, the amount of exemplary damages may not exceed two times the amount of compensatory damages or two hundred fifty thousand dollars, whichever is greater; provided, however, that no award of exemplary damages may be made if the claimant is not entitled to compensatory damages. In a jury trial, the jury may not be informed of the limit on damages contained in this subsection. Any jury award in excess of this limit must be reduced by the court.

N.D. Cent. Code § 32-03.2-11.

Dr. Friederichs argues § 32-03.2-11 is preempted by Federal Rule of Civil Procedure 42. See Weather Modification LLC v. Brackin, 340 F.R.D. 316 (D.N.D. 2021) (finding § 32-03.2-11's pleading requirements preempted by Rule 15); see also Friederichs v. Sanford Health, No. 3:22-CV-8, 2022 WL 16549160, at *5 (D.N.D. July 21, 2022) (finding § 32-03.2-11's pleading requirements preempted by Rule 8). Rule 42 allows a court to order bifurcation "for convenience, to avoid prejudice, or to expedite and economize." And, Dr. Friederichs argues, Sanford has not satisfied its burden under Rule 42. See Doc. 127.

The Court need not wade into these issues because bifurcation is warranted under either Rule 42 or § 32-03.2-11. Courts in this District have bifurcated liability and actual damages from exemplary damages in the past. See e.g., Mosley v. Alpha Oil & Gas Servs., Inc., 962 F. Supp. 2d 1090, 1105 (D.N.D. 2013); Olson v. Ford Motor Co., No. A4-04-102, 2005 WL 3271945, at *3 (D.N.D. Nov. 29, 2005). The August 27, 2024, trial will present complex issues and including Dr. Friederichs' claim of exemplary damages, which involves unique factual findings and a clear and convincing burden of proof, would unduly confuse the jury. See Penn Eng'g & Mfg. Corp. v. Peninsula Components, Inc., No. CV 19-513, 2024 WL 169659, at *2 (E.D. Pa. Jan. 16, 2024) ("[B]ifurcation is proper in complex cases where bifurcating the issues may improve juror comprehension.").

Sanford's motion for bifurcation (Doc. 126) is **GRANTED**. On August 27, 2024, the parties will first proceed to trial on Dr. Friederichs' claims of liability and actual damages under the Lanham Act, North Dakota's unlawful sales and advertising statute, and breach of contract. Should the jury find liability and award compensatory damages, the case will then proceed to a trial on exemplary damages.

**IT IS SO ORDERED**.

Dated this 9th day of August, 2024.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court