IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Matthew G. Friederichs, M.D., | Case No. 3:22-cv-00008-PDW-ARS |
| Plaintiff, | |
| v. | **PLAINTIFF'S TRIAL MEMORANDUM** |
| Sanford Health, | |
| Defendant. | |

Pursuant to the Court's Order for Final Pretrial Conference (ECF No. 88) and Order Following Final Pretrial Conference (ECF No. 151), Plaintiff Matthew G. Friederichs, M.D. ("Dr. Friederichs") hereby respectfully submits his trial memorandum.

### A. General Statement of the Case.

Dr. Friederichs worked for Defendant Sanford Health ("Sanford") in Fargo as an orthopedic surgeon. In late November 2021, Dr. Friederichs' provided notice of his intent to resign, in order to start an independent orthopedic clinic in Fargo in competition in Sanford. In early January 2022, Sanford sent a false letter impersonating Dr. Friederichs to 2,334 of his patients (the "January Letter"). The January Letter stole Dr. Friederichs' identity in an attempt to cause his patients to find a new orthopedic physician at Sanford, rather than follow Dr. Friederichs to his new clinic. Dr. Friederichs will present four claims at trial.

*First*, Dr. Friederichs will present his claim for false endorsement under the Lanham Act. Dr. Friederichs intends to prove that: (1) the January Letter was sent in commerce; (2) the January Letter was sent in connection with goods or services; (3) the January Letter made a false or misleading representation of fact; and (4) the January Letter was likely to cause consumer confusion as to the origin, sponsorship, or approval of the goods or services. At trial, Dr.

4255535.v1

Friederichs will seek to disgorge Sanford's profits and obtain an award of actual damages. 15 U.S.C. § 1117(a). Following trial, Dr. Friederichs will seek to treble damages and will seek an award of his costs and attorneys' fees. 15 U.S.C. § 1117(a).

*Second*, Dr. Friederichs will present a claim for violation of North Dakota's Unlawful Sales or Advertising Practices Act ("USAPA"). Dr. Friederichs intends to prove that: (1) the January Letter was a deceptive act or practice, fraud, false pretense, false promise, or misrepresentation; (2) the January Letter was made in connection with the sale or advertisement of Sanford's services; and (3) Sanford's agents intended for the recipients to rely on the January Letter. N.D.C.C. § 51-15-02. Dr. Friederichs seeks an award of "moneys" acquired by Sanford, which may be trebled if Sanford "knowingly committed the conduct." N.D.C.C. § 51-15-09. Following trial, Dr. Friederichs will also seek an award of his costs and attorneys' fees. N.D.C.C. § 51-15-09.

*Third*, Dr. Friederichs will present a claim for exemplary damages under North Dakota law. Dr. Friederichs intends to prove that Sanford committed fraud, oppression, and/or actual malice by sending the January Letter. N.D.C.C. § 32-03.2-11.

*Fourth*, Dr. Friederichs will present a claim for breach of contract under North Dakota law. In short, after his notice, Sanford restricted Dr. Friederichs ability to see new patients, which negatively affected his compensation. Sanford was required to compensate Dr. Friederichs for this partial termination of services, but failed to follow the formula set forth in the parties' contract.

B. **Authority for Unresolved Legal Issues.**

The parties filed cross-motions for summary judgment, following which the Court addressed many of the open legal issues. (ECF No. 123.) The parties have since filed motions in limine, which have not yet been decided by the Court. These motions in limine raise various

2

legal and evidentiary issues. Beyond the pending motions in limine, Dr. Friederichs is not currently aware of any material unresolved legal issues. To the extent that any legal issues arise relating to claims, defenses, or remedies, Dr. Friederichs' primary legal authority is as follows, which he previously briefed extensively in connection with the parties cross-motions for summary judgment. (ECF Nos. 96, 106, & 116.)

For Dr. Friederichs' claim for false endorsement under the Lanham Act, liability is set forth in 15 U.S.C. § 1125(a)(1)(A). Damages and remedies are set forth in 15 U.S.C. § 1117(a) (damages, disgorgement, treble damages, costs, and attorneys' fees). The parties' burdens of proof are set forth in 15 U.S.C. § 1117(a).

For Dr. Friederichs' claim for violation of the Unlawful Sales or Advertising Practices Act, liability is set forth in N.D.C.C. § 51-15-02. Damages and remedies are set forth in N.D.C.C. § 51-15-09 (damages, treble damages, costs, and attorneys' fees) and N.D.C.C. § 32-03-05 (discretionary interest). Interest on damages for this non-contract claim is an issue for the jury to decide at its discretion.

For Dr. Friederichs' claim for breach of contract, liability is set forth in Section 11 of the Employment Agreement, which required Sanford to pay Dr. Friederichs "based on a pro-rata portion of [his] annual salary based on [his] personal professional production for the immediately preceding [Sanford] fiscal year as calculated under the compensation plan in effect on the date of termination of services." Damages are set forth in Section 11 of the Employment Agreement and N.D.C.C. § 32-03-10. Interest on the breach of contract damages is non-discretionary and is authorized by N.D.C.C. § 32-03-04 and N.D.C.C. § 32-03-10 at the rate of 6 percent per annum. N.D.C.C. § 47-14-05. Whether to award interest on the breach of contract claim is not question for the jury, but rather one for the Court, and will be the subject of a post-trial motion to the Court to the extent Dr. Friederichs prevails on the contract claim at trial.

For Dr. Friederichs' claim for exemplary damages, the claim is governed by N.D.C.C. § 32-03.2-11.

C. **General Statement of the Evidence to be Offered.**

Dr. Friederichs intends to offer evidence at trial primarily focused on the following sequence of events:

(1) Dr. Friederichs' professional and educational background and tenure and experience at MeritCare and Sanford;

(2) Sanford's practice of sending departing physician letters prior to this litigation;

(3) the issues raised by the orthopedic physicians with departing physician letters in the summer of 2021;

(4) Dr. Friederichs' resignation in November 2021;

(5) Sanford's refusal to permit Dr. Friederichs to continue seeing new patients in early December 2021;

(6) Dr. Friederichs' letter to Sanford in December 2021 regarding the partial termination of his services and Sanford's non-response to the same;

(7) the letter Sanford sent to Dr. Friederichs' patients in January 2022 that falsely purported to be from Dr. Friederichs and urged his patients to find a new physician at Sanford;

(8) Dr. Friederichs' letter to Sanford regarding the January Letter and Sanford's non-response to the same;

(9) Sanford's further attempts to frustrate Dr. Friederichs' competition, including the operating room schedule and physician coverage plans;

(10) patient confusion as a result of the January Letter;

(11) Sanford's profits and damages regarding the January Letter; and

(12) the proper calculation of the contract payment due for the partial termination of services.

This evidence will be offered through the testimony of Dr. Friederichs, several of his patients, his expert witness, and current and former Sanford employees. This evidence will also be offered through exhibits, primarily consisting of the at-issue letter, Sanford's policy, email and text message communications, Sanford patient data and spreadsheets, and expert analysis of the same.

**D. <u>Anticipated Evidentiary or Procedural Problems.</u>**

Dr. Friederichs has moved in limine to exclude several categories of evidence, which will not be restated here. In addition to the categories of evidence addressed by Dr. Friederichs' motions in limine, from a review of Sanford's exhibit and witness lists there appears to be at least two broader additional evidentiary issues that may arise at trial.

First, Sanford has identified several "may call" witnesses (Jule Friederichs, Amy Johnson, Kent Busek, Falon Olson, and Elisha Magel) and exhibits (discussed below) that appear to relate solely to the operations of Dr. Friederichs' new clinic, OrthoDakota. The operations of OrthoDakota are not relevant to the issues to be determined by the jury and would be prejudicial, confusing, and misleading.

Second, Sanford has listed several witnesses as "may call" witnesses (Esther Vesta, Jaclyn Hollenkamp, and Crystal Boroski) who appear to only be relevant to a personnel/HR issue that arose prior to Dr. Friederichs' resignation from Sanford and the January Letter that followed. Any such personnel/HR issue is strongly contested by Dr. Friederichs and contradicted by the facts. But the issue is also irrelevant to any of the issues to be determined by the jury at trial, as they predated Dr. Friederichs' resignation and have nothing to do with Sanford's departing physician letter practice or competition in the orthopedic market. Such a personnel/HR issues would further be prejudicial, confuse the issues, and waste time.

5

E.  **Objections to Admissibility of Defendant's Exhibits.**

Dr. Friederichs has stipulated to the admissibility of 42 of Sanford's 96 exhibits. The exhibits for which Dr. Friederichs has not stipulated to admissibility are objected to for the following reasons. For ease of reference, Dr. Friederichs has included a list at the end of this memorandum that lists the objections.

*First*, Sanford has included several exhibits that appear to relate to Dr. Friederichs' historical compensation at Sanford:  D202; D203; D204; D205; D206; D214; D289. While Dr. Friederichs may ultimately offer one of these exhibits in connection with his breach of contract claim (D202), it would be inadmissible hearsay for Sanford to offer the exhibit. As for the remainder of the historical compensation documents, they are not only inadmissible hearsay, but they are also irrelevant to determining any of the issues at hand, confusing, prejudicial, and a waste of time. At their core, they represent an attempt to impugn Dr. Friederichs for being a successful surgeon and being compensated accordingly. Further, for some of these exhibits (D203, D204, D205, D206, D289), it is not clear which of Sanford's witnesses can lay foundation for the historical compensation issues, so Dr. Friederichs has asserted a foundation objection.

*Second*, Sanford has included several recordings of conversations between Dr. Friederichs and Sanford employees:  D207; D208; D209; D210; D211. Dr. Friederichs currently objects to these exhibits—which are over 30 minutes long—on the grounds of hearsay, relevance, and Rule 403.

*Third* Sanford has included email exhibits (D215 and D276) that relates to a change in compensation for the orthopedic group at Sanford. This issue predated Dr. Friederichs' resignation and is not related to the departing physician letter practice or competition in the

6

orthopedic market. The emails are also hearsay. Additionally, going down this path would also waste time, confuse issues, and be prejudicial.

*Fourth*, Sanford has included a number of emails from or between Sanford employees that are inadmissible hearsay if offered by Sanford: D235; D240; D243; D244; D246; D255. Dr. Friederichs also currently objects to these emails as irrelevant and excludable under Rule 403.

*Fifth*, Sanford has included several purported news articles about this lawsuit: D245; D248; D249; D252; D253. Dr. Friederichs objects to the foundation for these third-party articles apparently printed by Sanford's counsel from various websites. Dr. Friederichs also currently objects on the grounds of hearsay, relevance, and Rule 403.

*Sixth*, Sanford has included what appears on its face to be a new Sanford policy regarding its practice for departing physician letters: D256. However, from discovery, it is not clear who created this document or who has implemented it, so Dr. Friederichs objects on the grounds of foundation. Dr. Friederichs also currently objects on the grounds of hearsay, relevance, and Rule 403.

*Seventh*, Sanford has included several documents consisting of text messages to and from various witnesses, including Sanford employees and other third parties: D212; D257; D258; D259; D260; D261; D262. Dr. Friederichs objects to these text messages on hearsay grounds if offered by Sanford. He also currently objects on the basis of relevance and Rule 403.

*Eighth*, Sanford has included a number of documents relating to the operation of Dr. Friederichs' new clinic, OrthoDakota: D263; D264; D265; D266; D267; D270; D271; D272; D273; D275; D277; D278. These documents are inadmissible hearsay, and otherwise objected to on the basis of relevance and Rule 403. Further, to the extent that Sanford intends to rely on a printout of an Excel spreadsheet, Dr. Friederichs currently objects on the basis of the best evidence rule.

*Ninth* Sanford has included the expert report for its retained expert, Jeffrey Husband: D268. In addition to all the grounds by which Dr. Friederichs seeks the exclusion of Dr. Husband, which is the subject of a motion in limine, Dr. Friederichs objects to the admission of a narrative expert report on the grounds of hearsay. The contents of the expert report are also objected to on the grounds of foundation, relevance, and Rule 403, in addition to all the grounds advanced in the motion in limine.

*Tenth*, Sanford has included the entire set of Dr. Friederichs' objections and answers to interrogatories served in discovery: D269. Not all of Sanford's interrogatories sought information that is relevant to the issues for trial, and the interrogatory answers are otherwise excludable under Rule 403.

*Eleventh*, Sanford has included a printout of a version of a spreadsheet purportedly showing Dr. Friederichs' patients to whom the January Letter was sent: D274. Sanford has also included the native Excel file of the same: D279. The printout version is not the native version of the document, and so Dr. Friederichs objects on the basis of the best evidence rule. Both versions also include a column that was added by somebody (presumably legal counsel) after the commencement of litigation, so there is a foundation and hearsay issue. Dr. Friederichs also currently objects to this particular version of the patient list on the grounds of additional hearsay, relevance, and Rule 403.

*Twelfth*, Sanford has included its "disclosure" of its "non-retained expert" Doug Nowak, a document that was created for this litigation: D282. Sanford has included several documents that Mr. Nowak apparently intends to rely on to both attack Dr. Friederichs' calculation of disgorgement and to offer a calculation of purported expenses: D283; D284; D286. There are many concerns with the sources of the data and the creation of the tables and spreadsheets, so Dr. Friederichs objects based on foundation. Dr. Friederichs also objects based on hearsay, the best

8

evidence rule, relevance, and Rule 403. Additionally, given concerns with how expenses were calculated—and by whom—Dr. Friederichs objects on the basis of undisclosed expert testimony under Rules 26 and 37.

*Thirteenth*, Sanford has included an exhibit without a bates reference, that Dr. Friederichs has never seen: D288. Because Dr. Friederichs has not seen this document, he reserves all objections.

Dated: August 21, 2024 **FELHABER LARSON**

By: */s/Brandon J. Wheeler*
David L. Hashmall, MN #138162
Daniel R. Kelly, MN #247674
Brandon J. Wheeler, MN #396336
220 South Sixth Street, Suite 2200
Minneapolis, MN 55402-4504
Telephone: (612) 339-6321
Facsimile: (612) 338-0535
dhashmall@felhaber.com
dkelly@felhaber.com
bwheeler@felhaber.com

**ATTORNEYS FOR PLAINTIFF**

APPENDEX 1:  TABLE OF PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS

| DEF. EX. NO. | DESCRIPTION | PLAINTIFF'S OBJECTIONS |
| --- | --- | --- |
| D202 | Friederichs RVU summary calculation spreadsheet (Burington Ex. 64, SAN0000687) | Relevance; hearsay; Rule 403. |
| D203 | Pay slip Summary, 12/31/2019 (SAN00000679-SAN00000680) | Foundation; relevance; hearsay; Rule 403. |
| D204 | Pay slip Summary, 12/31/2020 (SAN00000681-SAN00000682) | Foundation; relevance; hearsay; Rule 403. |
| D205 | Pay slip Summary, 12/31/2021 (SAN00000683-SAN00000684) | Foundation; relevance; hearsay; Rule 403. |
| D206 | Pay slip Summary, 4/15/2022 (SAN00000685-SAN00000686) | Foundation; relevance; hearsay; Rule 403. |
| D207 | Friederichs phone recording (FRIEDERICHS 000915) | Relevance; hearsay; Rule 403. |
| D208 | Friederichs phone recording (FRIEDERICHS 000224) | Relevance; hearsay; Rule 403. |
| D209 | Friederichs phone recording (FRIEDERICHS 000324) | Relevance; hearsay; Rule 403. |
| D210 | Friederichs phone recording (FRIEDERICHS 000912) | Relevance; hearsay; Rule 403. |
| D211 | Friederichs phone recording (FRIEDERICHS 000913) | Relevance; hearsay; Rule 403. |
| D212 | Text messages between Friederichs and Erpelding, (Friederichs MD Ex. 81, FRIEDERICHS 001697-FRIEDERICHS 001701) | Incomplete exhibit; relevance; hearsay; Rule 403 |
| D214 | Email from Crawford to Friederichs with attachments forwarding from Friederichs to freddy4608@gmails.com, (Friederichs MD Ex. 82, FRIEDERICHS 000007- | Relevance; hearsay; Rule 403; multiple documents in single exhibit. |

| | | |
|---|---|---|
| | FRIEDERICHS 000013) | |
| D215 | Email from Erickson to Friederichs forwarding Piatt email to Volk et.al., (Friederichs MD Ex. 83, FRIEDERICHS 000142-FRIEDERICHS 000143) | Relevance; hearsay; Rule 403. |
| D235 | Email from Dobberstein to Erickson, calendaring meeting w/ Dr. Friederichs on 1/28/22 (Erickson Ex. 26, SAN00001115) | Relevance; hearsay; Rule 403. |
| D240 | Calendar appointment from Friederichs to Erickson declining appointment, (Erickson Ex. 21, SANN00000156) | Relevance; hearsay; Rule 403. |
| D243 | Williams' email to various, copied to Mangin regarding scheduling current patients (Mangin Ex. 35, SAN00000014) | Relevance; hearsay; Rule 403. |
| D244 | Email from Huber to Jurgens and Griffen regarding lawsuit (Huber Ex. 55, SAN00001289) | Relevance; hearsay; Rule 403. |
| D245 | News article, Orthopedic Surgeon Sues Sanford Health, Alleges Defamation and Interference with Patients (Raiter Dec Ex. 22) | Foundation; relevance; hearsay; Rule 403. |
| D246 | Email from Volk to Huber et. al., regarding comment about Friederichs lawsuit (Huber Ex. 56, SAN00001092) | Relevance; hearsay; Rule 403. |
| D248 | News article, Doctor sues Sanford Health claiming provider signed his name to letter sent to patients (Raiter Dec Ex. 24) | Foundation; incomplete document; relevance; hearsay; Rule 403. |
| D249 | News article, Health System Sued by Employee Following Alleged Defamation and | Foundation; relevance; hearsay; Rule 403. |

11

|  | Tortious Interference (Raiter Dec Ex. 23) |  |
|---|---|---|
| D252 | News article, Ortho surgeon sues Sanford Health over letter sent to patient (Raiter Dec Ex. 25) | Foundation; relevance; hearsay; Rule 403. |
| D253 | News article, Sanford Health apologizes for letter sent to patients of doctor who left for new practice (Raiter Dec Ex. 26) | Foundation; relevance; hearsay; Rule 403. |
| D255 | Emails to staff re: pending lawsuit and patient communications with Dr. Friederichs (Erickson Ex. 27, SAN00000031-SAN00000032) | Relevance; hearsay; Rule 403. |
| D256 | Sanford Health Terming Clinician Checklist, (Huber Ex. 53, SAN00001973-SAN00001976) | Foundation; relevance; hearsay; Rule 403. |
| D257 | Erickson Text messages (SAN00001958) | Relevance; hearsay; Rule 403. |
| D258 | Erickson Text messages2 (SAN00001959) | Relevance; hearsay; Rule 403. |
| D259 | Mangin Text messages (Mangin Ex. 44) | Relevance; hearsay; Rule 403. |
| D260 | Dr. Volk Text Messages (Volk Ex. 77) | Relevance; hearsay; Rule 403. |
| D261 | Dr. Piatt Text messages (SAN00001954) | Relevance; hearsay; Rule 403. |
| D262 | Dr. Friederichs Text messages (Raiter Dec Ex. 36, FRIEDERICHS 001707-1709) | Relevance; hearsay; Rule 403. |
| D263 | Excel spreadsheet Patient Demographic Export (Friederichs MD 30b6 Ex. Ex. 4) | Relevance; hearsay; Rule 403. |
| D264 | Matthew Friederich PLLC Account Activity Summary, for Posting Dates Between | Relevance; hearsay; Rule 403. |

| | | |
|---|---|---|
| | 1/1/20 and 6/30/23 (Friederichs MD 30b6 Ex. 5) | |
| D265 | Contract Management Detail Report for Posting Date 1/1/20-6/30/23 (Friederichs Ex. 6) | Relevance; hearsay; Rule 403. |
| D266 | Ortho Dakota, Independent Accountant's Compilation Report & Financial Statements, (Friederichs MD 30b6 Ex. 91, FRIEDERICHS 001889- FRIEDERICHS 001894) | Relevance; hearsay; Rule 403; best evidence rule. |
| D267 | Independent Accountant's Compilation Report & Financial Statements (Friederichs MD 30b6 Ex. 92, FRIEDERICHS 001895- FRIEDERICHS 001899) | Relevance; hearsay; Rule 403; best evidence rule. |
| D268 | Jeffrey Husband Report and attachments (Raiter Dec Ex. 32) | Foundation; relevance; hearsay; Rule 403. |
| D269 | Plaintiff's Objections and Responses to Defendant's Interrogatories (SET ONE) (Friederichs MD Ex. 80) | Relevance; hearsay; Rule 403. |
| D270 | Mathew Friederichs Payment by Procedure spreadsheet, 1/1/21-1/12/23 (Friederichs MD 30b6 Ex. 93, FRIEDERICHS 002173) | Relevance; hearsay; Rule 403; best evidence rule. |
| D271 | Mathew Friederichs Transactions by Account, (Friederichs MD 30b6 Ex. 94, FRIEDERICHS 001870- FRIEDERICHS 001872) | Relevance; hearsay; Rule 403; best evidence rule. |
| D272 | Mathew Friederichs Account Activity Summary from 1/12/21-1/12/23.  (Friederichs MD 30b6 Ex. 95, FRIEDERICHS 002174) | Relevance; hearsay; Rule 403; best evidence rule. |
| D273 | Matthew Friederichs PLLC Provider Productivity Report, | Relevance; hearsay; Rule 403; best |

13

|      |                                                                                                                                                 |                                                                               |
| ---- | ----------------------------------------------------------------------------------------------------------------------------------------------- | ----------------------------------------------------------------------------- |
|      | 1/1/22-9/21/22, (Friederichs MD 30b6 Ex. 96, FRIEDERICHS 001873-FRIEDERICHS 001888)                                                             | evidence rule.                                                                |
| D274 | Spreadsheet of Friederichs' patients, 6/1/20-12/22/21 (Friederichs MD Ex. 78)                                                                   | Foundation; relevance; hearsay; Rule 403; best evidence rule.                 |
| D275 | Contract Management Detail Report, 1/1/21-1/12/23 (Friederichs MD Ex. 79, FRIEDERICHS 002172)                                                   | Relevance; hearsay; Rule 403; best evidence rule.                             |
| D276 | Email from Erickson to Friederichs forwarding Piatt email to Volk et.al., (Friederichs MD Ex. 83, FRIEDERICHS 000142-FRIEDERICHS 000143)        | Relevance; hearsay; Rule 403.                                                 |
| D277 | List: Recipients of Sanford Letter Seen by Dr. Friederichs at OrthoDakota (327/877 total patients as of November 30, 2022) (Friederichs MD Ex. 88, FRIEDERICHS 002171) | Relevance; hearsay; Rule 403; best evidence rule. |
| D278 | Matthew Friederichs Patient Contact List as of November 30, 2022 (Friederichs MD Ex. 89)                                                        | Relevance; hearsay; Rule 403; best evidence rule.                             |
| D279 | Excel spreadsheet of Friederichs Patients<br><br>Appt Date Range: June 1, 2020 – December 22, 2021<br><br>(Nowak 30(b)(6) Ex. 46)               | Foundation; relevance; hearsay; Rule 403.                                     |
| D282 | Sanford Health's Disclosure of Non- Retained Expert dated April 16, 2023 (Nowak Ex. 15) (may use table as demonstrative)                        | Foundation; relevance; hearsay; Rule 403; best evidence rule.                 |
| D283 | Exhibit A: Patients Identified by Chris Van Schooneveld Reports<br><br>(Nowak Ex. 16, Exhibit A)                                                | Foundation; relevance; hearsay; Rule 403; best evidence rule.                 |

| D284 | Excel spreadsheet, Costs by Service item by Component, 1,829 Patients of Original 2,334 Patients With Encounters from January 2021- June 2023. (Nowak Ex. 17, SAN00001982) | Foundation; relevance; hearsay; Rule 403; best evidence rule; Rule 26 (undisclosed expert testimony); Rule 37 (sanctions for non-disclosure). |
|---|---|---|
| D286 | Excel spreadsheet, SRW-CAD002- Apt Status Count by Provider, 1/1/21-6/30/23 (Nowak Ex. 19, SAN00001981) | Foundation; relevance; hearsay; Rule 403; best evidence rule. |
| D288 | List: Ortho Dakota Patients on the January 5 list | Plaintiff has not seen this document and reserves all objections. |
| D289 | RVU Assessment Explanation (SAN00000672) | Foundation; relevance; hearsay; Rule 403. |