# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

|  |  |  |
|---|---|---|
| Matthew G. Friederichs, M.D., | ) | **<u>PRELIMINARY INSTRUCTIONS</u>** |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 3:22-cv-8 |
|  | ) |  |
| Sanford Health, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

_____

## <u>GENERAL INSTRUCTIONS</u>                                        **P-1**

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial, I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

You must leave your cell phone, smart phone, iPhone, tablet, and any other wireless communication devices in the jury room during the trial. At all times, all wireless communications devices must be turned off while you are in the courthouse.

This is a civil case brought by Plaintiff Dr. Matthew Friederichs. Dr. Friederichs is an orthopedic surgeon who worked for Sanford Health until February 2022. Dr. Friederichs contends that when communicating with patients about his resignation, Defendant Sanford Health sent confusing or misleading

communications that caused him damage. Dr. Friederichs also claims that Sanford Health breached his employment contract by failing to fully compensate him during his resignation period. Sanford Health disputes that it violated the law or breached the contract, and disputes that Dr. Friederichs sustained any damage. It will be your duty to decide from the evidence whether Dr. Friederichs is entitled to a verdict against Sanford Health.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is

generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

## BURDEN OF PROOF                                               P-2

The Plaintiff, Dr. Matthew G. Friederichs, has the burden of proving every disputed element of his case by a "preponderance of the evidence." To prove something by a "preponderance of the evidence" means to prove that it is more likely true than not true.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case, and I would ask that you please put it out of your mind during this case.

A "preponderance of the evidence" means the greater weight of the evidence. If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having the burden of proof. That is because the party bearing this burden must prove more than simply equality of evidence – it must prove the element at issue by a preponderance of the evidence.

So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then the elements will have been proved by a preponderance of the evidence. Proof of the preponderance of the evidence does not, however, mean proof to an absolute certainty.  It is rarely possible to prove anything to an absolute certainty.

Finally, in determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may, unless otherwise instructed, consider the testimony of all the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**EVIDENCE - DEFINED**                                                      **P-3**

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

(1)    Lawyers' statements, arguments, questions, and comments are not evidence.

(2)    Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

(3)    Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

(4)    Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

(5)    Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

## CREDIBILITY OF WITNESSES                                    P-4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time;1 whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

## <u>DEPOSITION AND INTERROGATORY TESTIMONY</u>                P-5

During the trial, testimony may be presented to you by way of written or video depositions or by way of written answers in response to written questions.  The testimony of a witness who cannot be present to testify in person may be presented in this form.  That testimony is under oath and is entitled to neither more nor less consideration by you simply because it was so presented.  You should give such testimony the weight and credibility you think it deserves, just as you would if the witness had been present in court and testified.

## NOTE-TAKING                                                    P-6

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, please leave them on your chair.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

## BENCH CONFERENCES AND RECESSES                               P-7

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

## TRILAL PROCEDURE                                        P-8

The trial will proceed in the following manner:

First, the Plaintiff's lawyer may make an opening statement. Next, the Defendant's lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the Plaintiff will then present evidence. The Defendant's lawyer will have a chance to cross-examine the Plaintiff's witnesses. After the Plaintiff has finished presenting his case, the Defendant may present evidence, and the Plaintiff's lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. After the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions, you will go to the jury room to deliberate and decide on your verdict.

## CONDUCT OF THE JURY                                        P-9

To make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the courtroom deputy or my law clerk.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator, or the like, please understand they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. But, you must not communicate with anyone or post information in any manner about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, iPhone, iPad, computer, or website, including Facebook, YouTube, or X, to communicate information about this case until I accept your verdicts. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to decide it.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to

conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.