UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

Matthew Friederichs, M.D.,                        Case No. 3:22-cv-0008-PDW-ARS

          Plaintiff,

vs.

Sanford Health,

          Defendant.

**Sanford Health's Memorandum Regarding
The Court's Proposed Jury Instructions**

**Introduction**

Sanford respectfully submits this memorandum to raise discrete issues relating to the Court's Proposed Jury Instructions and Verdict Form to ensure the claims are being presented fairly to the jury.

First, the current instructions for false endorsement confine the analysis to only the Jan. 5 letter. Precedent requires that the totality of circumstances be considered.

Second, the instructions for false endorsement do not specify that the likelihood of confusion must be among an "appreciable" number of consumers.

Third, the instruction on likelihood of confusion implies that actual confusion is not the most important factor in the jury's likelihood of confusion analysis. The case law holds that instances of actual confusion are the most important factor.

Fourth, the instruction on likelihood of confusion contains language about Sanford's alleged intent to confuse that is not in the model instruction or case law.

Fifth, the instructions and verdict form for the North Dakota Unlawful Sales or Advertising Practices claim do not include a critical element of the claim, that Sanford acquired moneys by way of its violation of the statute. That finding is a prerequisite to a claim for damages.

Sixth, the verdict form leaves whether Sanford committed a "knowing" violation of with respect to the North Dakota statutory claim. That determination is for the Court.

Seventh, after reflection, Sanford would add definitions of goodwill and reputational damages to the instructions so that the jury will better understand what damages it is issuing, if any.

Eighth, Sanford believes that North Dakota pattern instruction C-70.65. Exemplary Damages Not Allowable should be given in this phase of the trial.

Sanford will briefly address each issue in turn.

### I. Totality of Circumstances

Instructions F-5 and F-6 instruct the jury to consider whether the Jan. 5 letter was a false endorsement. However, the jury must consider the totality of circumstances surrounding Sanford's alleged false endorsement. *See Jackson v. Odenat*, 9 F. Supp. 3d 342, 356 (S.D.N.Y. 2014) (When considering likelihood of confusion, "the ultimate question is whether the use in its totality would likely confuse consumers."); *Sazerac Brands, LLC v. Peristyle, LLC*, 892 F.3d 853, 857 (6th Cir. 2018) ("The benchmark is whether the plaintiff has demonstrated a likelihood of consumer confusion, assessed via an eight-factor, nothing-is-off-the-table, totality-of-the-circumstances test."); *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1207 (11th Cir. 2004) (internal quotation omitted) ("The extent to which two marks are confusingly similar cannot be assessed without considering all

2

seven factors to ensure that the determination is made in light of the totality of the circumstances."); *Enigma Software Group USA, LLC v. Malwarebytes, Inc.*, 69 F.4th 665, 672 (9th Cir. 2023)("We must look to 'the totality of the circumstances' when assessing whether a statement implies a factual assertion.")

Question 1 of the Court's verdict form asks whether Sanford violated the Lanham Act "through its communications with patients." This is consistent with the language used in Sanford's proposed jury instructions. However, instructions F-5 and F-6 limit the inquiry to the January 5 letter, not Sanford's "communications with patients." Sanford believes that references to the January 5 letter in F-5 and F-6 be changed to read "communications with patients," which reflects the totality of the circumstances surrounding the January 5 letter.

## II. Appreciable Number of Consumers

Instructions F-5 and F-6 omit a key phrase in the Lanham Act analysis – appreciable number. "To prevail under the Lanham Act, plaintiff must prove that defendants' use . . . creates a likelihood of confusion, deception, or mistake among an appreciable number of ordinary buyers . . . ." *Duluth News-Tribune, a Div. of Nw. Publications, Inc. v. Mesabi Pub. Co.*, 84 F.3d 1093, 1096 (8th Cir. 1996); *see also Lopez v. Gap, Inc.*, 883 F. Supp. 2d 400, 419 (S.D.N.Y. 2012)(internal quotation marks omitted) ("A likelihood of confusion arises when an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question.").

Sanford asks that the Court include that the alleged misrepresentation must be likely to confuse an appreciable number of consumers to instructions F-5 and F-6. *Mesabi Pub. Co.*, 84 F.3d at 1099 (8th Cir. 1996) ("[W]e look to whether an appreciable number of ordinary

3

purchasers are likely to be so misled, and here the record before us compels an answer in the negative.").

### III.   Actual Confusion

Instruction F-6 states that "[t]he weight to be given to each of these factors is up to you to determine. It is not required that each factor be present to find a likelihood of confusion." Actual confusion is considered the most important factor. *Safeway Transit LLC, v. Discount Party Bus, Inc.*, 954 F.3d 1171, 1179 (8th Cir. 2020) (internal quotation omitted)("Actual confusion in the marketplace is often considered the best evidence of likelihood of confusion."). Sanford asks that the Court delete or rephrase the two sentences referenced above to indicate that evidence of actual confusion is the most important factor in the jury's likelihood of confusion analysis.

### IV.   Intent to Confuse

In instruction F-6, the Court includes the following language: "Three, whether Sanford Health intended to use Dr. Friederichs' name. This is not about whether Sanford Health acted in bad faith, but whether Sanford Health believed that patients would associate the letter dated January 5, 2022, with Dr. Friederichs[.]" Sanford believes this language does not follow applicable authority.

The Lanham Act includes an analysis of whether the defendant intended that the communication mislead or confuse its recipient. The Eighth Circuit model instruction on this point, number 21.09, reads as follows:

> Fourth, whether the defendant intended to pass off their product as that of plaintiff, or intended to confuse consumers as to the source or sponsorship of the defendant's [products][services]

Likelihood of confusion is assessed based on the following factors:

> "(1) the strength of the owner's mark; (2) the similarity between the owner's mark and the alleged infringer's mark; (3) the degree to which the products compete with each other; (4) the alleged infringer's intent to 'pass off' its goods as those of the trademark owner; (5) incidents of actual confusion; and (6) the type of product, its cost, and conditions of purchase."

*Johnson v. J.P. Parking, Inc.*, No. 422CV00146, 2024 WL 676770, at *12 (S.D. Iowa Feb. 20, 2024). While Sanford still urges that the eight-factor likelihood of confusion test be used, if the instruction is to closely track the Eighth Circuit model instructions it should not contain the additional language about bad faith. It should also include the pattern instruction language about intent to confuse. Accordingly, Sanford asks that the instruction be rewritten as follows:

> "Four, whether Sanford intended to pass off their services as that of Dr. Friederichs's, or intended to confuse consumers as to the source or sponsorship of its services."

## V.     Acquisition of Moneys

The verdict form does not include a question of whether Sanford acquired "moneys or property" as a result of an alleged violation of the North Dakota Unlawful Sales or Advertising Practices statute. That finding is a prerequisite for a damages claim. The statute provides a cause of action "against any person who has acquired any moneys or property by means of any practice declared to be unlawful[.]" N.D.C.C. § 51-15-09; *see also Woodmont Co. v. LaSalle Shopping Ctr., LLC*, No. 1:17-cv-0073 (PDW), 2020 WL 2857164, at *16 (D. N.D. June 2, 2020) (quoting N.D.C.C. § 51-15-09) ("Section 51-15-09 is clear that a private cause of action cannot arise unless a person actually 'acquired . . . moneys or property by means of' unlawful conduct."); *Benz Farm, LLP v. Cavendish Farms, Inc.*, 803 N.W.2d 818, 824 (N.D. 2011).

Dr. Friederichs does not have a private cause of action under the statute until he shows that Sanford acquired money because of a violation of the statute. As a result, there must be an instruction—and finding—about this topic. Accordingly, Sanford asks that the Court include the following addition to the elements set out in F-7: "<u>Three</u>, Sanford Health obtained money as a result of its act, use, or employment of a deceptive act or practice, fraud, false pretense, false promise, or misrepresentation in connection with the sale or advertisement of its services." In addition, the following question should be added after Question 6 on the Court's proposed verdict form:

> If you answered "Yes" to Question 7, did Sanford Health obtain money as a result of a deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, in connection with the sale or advertisement of goods or services through its communications to patients relating to Dr. Friederichs's resignation?

## VI.  Knowing Violation

With respect to Dr. Friederichs's unlawful sales or advertising practice claim, the relevant statute leaves it to the Court to determine whether Sanford knowingly committed the conduct that violates the statute. N.D.C.C. § 51-15-09 ("If the court finds the defendant knowingly committed the conduct, the court may order that the person commencing the action recover up to three times the actual damages proven and the court must order that the person commencing the action recover costs, disbursements, and actual reasonable attorney's fees incurred in the action."). Accordingly, Sanford asks that Question 9 be removed from the jury verdict form.

## VII.  Definitions of Goodwill and Reputational Damages

Finally, Sanford believes it would be helpful to the jury if instructions on goodwill and reputational damages are included in the jury instructions.

In North Dakota, "[t]he goodwill of a business is the expectation of continued public patronage, but it does not include a right to use the name of any person from whom it was acquired." N.D.C.C. § 47-07-10. "Factors to be considered in determining the loss of goodwill are the following: the length of time the business has been in existence; its average profits; its success; and the likelihood of its continuing business under the same name." *Agric. Services Ass'n, Inc. v. Ferry-Morse Seed Co., Inc.*, 551 F.2d 1057, 1070 (6th Cir. 1977). Sanford proposes an instruction be included defining goodwill as follows:

> "The goodwill of a business is the expectation of continued public patronage, but it does not include a right to use the name of any person from whom it was acquired. Factors you may consider in determining the loss of goodwill are the following: the length of time the business has been in existence; its average profits; its success; and the likelihood of its continuing business under the same name."

Reputational damages are generally considered to be "amorphous." *Mid-Am. Food Serv., Inc. v. ARA Services, Inc.*, 578 F.2d 691, 699 n.8 (8th Cir. 1978). As such, Sanford proposes the following instruction to assist the jury:

> "Reputational harm occurs when a business or individual's reputation is damaged resulting in decreased sales or other key performance indicators."

## VIII.   Pattern Instruction 70.65

Sanford believes that North Dakota pattern instruction C-70.65. Exemplary Damages Not Allowable should be given in this phase of the trial. Dr. Friederichs has presented argument and evidence suggesting that patients needed protection from Sanford's communications. The first and potentially only phase of this trial is limited to whether Dr. Friederichs, not patients, sustained harm. Instruction 70.65 states:

> You may not include in any award of damages to the Plaintiff any exemplary damages that you might add to punish the Defendant or to make an example of the Defendant for the public good or to prevent other wrongdoing. Those

7

damages would be punitive rather than compensatory. The law does not authorize exemplary damages in this action.

*See* C - 70.65 Exemplary Damages Not Allowable 2005 (North Dakota Jury Instructions - Civil (2023 Edition)). Sanford believes this instruction is necessary to avoid the potential for jury confusion about damages and whether it can make an example of Sanford or prevent other wrongdoing in this phase of the trial.

Date: September 3, 2024

**LARSON • KING, LLP**

*/s/ Shawn M. Raiter*
Shawn M. Raiter (ND 05712)
Angela Beranek Brandt (ND 08130)
Zane P. Aubert
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN  55101
Tel: (651) 312-6500
Fax: (651) 312-6618
sraiter@larsonking.com
abrandt@larsonking.com
zaubert@larsonking.com

**Attorneys for Sanford Health**